IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUNTA S. MPWO, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:11-cv-1358 |
| TRANSUNION LLC, EXPERIAN INFORMATION SOLUTIONS, EQUIFAX INFORMATION SERVICES LLC, CSC CREDIT SERVICES, MIDLAND CREDIT, ECMC, SALLIE MAE, COLLECTION, CREDIT MANAGEMENT LP, NCO FIN/09, NCO FIN/38, SKY RECOVERY, | § § § § § § § § § § § | |
| Defendants. | § | |

ORDER

Pending before the Court are Defendant Experian Information Solutions, Inc.'s Motion to Dismiss Pursuant to Rule 12(B)(6) (Document No. 3), Defendant CSC Credit Services, Inc.'s Motion to Dismiss (Document No. 5), and Defendant Trans Union LLC's Motion to Dismiss or in the Alternative, Motion for More Definite Statement (Document No. 7). Having considered the motions, submissions, and applicable law, the Court determines all three motions to dismiss should be granted and that Trans Union's alternative motion for a more definite statement should be denied.

## I. BACKGROUND

*Pro se* plaintiff Munta S. Mpwo ("Plaintiff") brings this suit for damages resulting from alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff sues twelve defendants, Trans Union LLC, Experian Information Solutions, Inc., Equifax Information Services LLC, CSC Credit Services, Inc., Midland Credit, ECMC, Sallie Mae, Collection, Credit Management LP, NCO Fin/09, NCO Fin/38, and Sky Recovery (collectively, "Defendants"), and he seeks to recover actual damages, statutory damages, punitive damages, temporary and permanent injunction, and attorneys's fees. Trans Union, Experian, and CSC each move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff has not filed a response, which the Court construes as a representation of no opposition. *See* S.D. TEX. LOCAL R. 7.4.[1]

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[1] The Court notes that the record before it reflects no proof of service upon any defendant and that none of the defendants have filed an answer. Additionally, the Court notes that Plaintiff did not appear at the initial scheduling conference held on July 27, 2011.

relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' "it demands more than 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.*

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

As an initial matter, the Court notes that while the preliminary statement in Plaintiff's complaint states that this case is brought based on Defendants' violations of the FCRA and the FDCPA, Plaintiff alleges no causes of action under the FDCPA.

3

Thus, to the extent Plaintiff contemplates causes of action under the FDCPA, those claims are dismissed under Rule 12(b)(6) for failure to articulate any plausible claim upon which relief may be granted. Additionally, while Plaintiff's complaint names approximately twelve defendants, Plaintiff asserts causes of action only against Trans Union, Experian, Equifax, and CSC for alleged violations of the FCRA. Thus, to the extent Plaintiff alleges causes of action under the FCRA, the Court reviews whether those allegations are sufficient to survive the pending Rule 12(b)(6) motions to dismiss.[2]

Plaintiff's allegations against Trans Union, Experian, Equifax, and CSC for violations of the FCRA are essentially the same. Under the "<u>FACTUAL ALLEGATIONS</u>" section of the complaint, Plaintiff alleges:

> On or about December 14, 2010, I received copies of my credit reports, which showed erroneous and inaccurate data regarding my persons and financial and business transactions.
>
> I have made numerous attempts to contact the above defendants to rectify and resolve my concerns to no avail.

---

[2] Even *pro se* litigants are expected to comply with the federal pleading rules. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam). A plaintiff's *pro se* status does not absolve him of his obligation to set forth specific facts supporting his claims. *Id.*; *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). "There is a point at which even pro se litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Bookman v. Shubzda*, 945 F. Supp. 999, 1005 (N.D. Tex. 1996); *Blanks v. Ford Motor Credit*, No. 3:04-cv-0331-B, 2005 WL 991241, at *3 (N.D. Tex. April 20, 2005).

>Plaintiff has since been denied credit, refinancing based on information obtained in consumer reports from Experian, Trans Union, Equifax Information Services and CSC Credit Services. All of which are reporting inaccurate, erroneous and adverse information regarding Plaintiff's credit worthiness and banking transactions.
>
>As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, and adverse information to the credit reporting agencies, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

Under the "CAUSES OF ACTION" section of the complaint, Plaintiff alleges that:

>[Trans Union, Experian, Equifax, and CSC] continue[] to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
>
>. . . .
>
>[Trans Union, Experian, Equifax, and CSC] failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
>
>[Trans Union, Experian, Equifax, and CSC] failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit

reports, credit scores, risk factors, denial codes and other economic and predications data evaluations.[3]

Plaintiff further alleges that, as a result of the above allegations, he has been damaged and that Trans Union, Experian, Equifax, and CSC are all liable under FCRA for willful and negligent noncompliance. Trans Union, Experian, and CSC each contend Plaintiff's complaint should be dismissed because it fails to state facts sufficient to support a claim for relief under the FCRA. The Court agrees.

Plaintiff's complaint alleges two violations under the FCRA, namely § 1681e(b) and § 1681i. Under § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "This section imposes a duty of reasonable care in the preparation of a consumer report." *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986) (citing *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir.1982)). Additionally, under § 1681i, consumer reporting agencies maintain a duty to conduct a reasonable investigation into any information that a consumer disputes and that the agencies retain in his or her file. 15 U.S.C. § 1681i; *Pinner v. Schmidt*, 805 F.2d at 1262. Negligent violations of these duties subject the consumer reporting agency to

---

[3] Specific to Trans Union, Plaintiff's allegations include the following: "Trans Union continues to willfully, maliciously, and negligently violate FCRA 1681(e)(b), on multiple occasions."

actual damages resulting from the violation. *See* 15 U.S.C. § 1681o (civil liability for negligent noncompliance); *Pinner*, 805 F.2d at 1262. Likewise, willful violations of these duties subject the consumer reporting agency to punitive damages. *See* 15 U.S.C. § 1681n (civil liability for willful noncompliance); *Pinner*, 805 F.2d at 1262.

With respect to the allegations Plaintiff pled under the "<u>FACTUAL ALLEGATIONS</u>" section of his complaint, the the Court finds these allegations insufficient to state a claim. Plaintiff alleges he received copies of his credit reports, which showed erroneous and inaccurate data regarding his personal and business financial transactions. But Plaintiff fails to allege which credit reporting agencies he received the information from and what information was erroneous or inaccurate. Plaintiff alleges he made numerous attempts to contact the Defendants to rectify and resolve his concerns to no avail. But Plaintiff fails to allege who he contacted, whether he disputed any of the allegedly erroneous or inaccurate information, whether or not an investigation was performed, the the results of any investigation, or how Defendants are liable. Plaintiff alleges that he has since been denied credit and refinancing based on information obtained in consumer reports from Experian, Trans Union, Equifax, and CSC, all of which are reporting inaccurate, erroneous, and adverse information regarding Plaintiff's credit worthiness and banking transactions. But Plaintiff fails to allege what information these defendants are reporting, how the information is

inaccurate or erroneous, and from whom he was denied credit or refinancing. Plaintiff alleges that as a direct result and proximate cause of Defendants' continued erroneous and inaccurate reporting, he has suffered and continues to suffer damages, including but not limited to humiliation, embarrassment, and loss of opportunity. But Plaintiff fails to allege how the defendants' conduct caused Plaintiff these damages. Plaintiff's claims are no more than conclusory allegations, which are insufficient to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 570.

Additionally, with respect to the allegations Plaintiff pled under the "CAUSES OF ACTION" section of his complaint, the Court also finds these allegations insufficient to state a claim. While Plaintiff specifically cites § 1681e(b) and § 1681i of the FCRA, Plaintiff fails to allege any facts sufficient to plead a claim under either of those sections. Plaintiff alleges that despite notice from Plaintiff and subscribers of Plaintiff's credit information, Trans Union, Experian, Equifax, and CSC all continue to add, store, maintain, and disseminate personal credit information about Plaintiff, which in part is inaccurate, false, erroneous, and misleading. But Plaintiff fails to identify what information is inaccurate or the nature of the notice that was given to these defendants concerning the allegedly inaccurate information. Plaintiff alleges that Trans Union, Experian, Equifax, and CSC failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with the FCRA. But Plaintiff fails to allege

what accounts or information he disputed and how these defendants failed to conduct a reasonable investigation. Plaintiff alleges that Trans Union, Experian, Equifax, and CSC failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as required by FCRA, which they then used and manipulated in order to prepare consumer credit reports. But Plaintiff fails to allege how exactly these defendants breached their duty of reasonable care in the preparation of a consumer reports. Again, Plaintiff's claims are no more than conclusory allegations, which are insufficient to state a claim for relief under the FCRA that is plausible on its face. *See Twombly*, 550 U.S. at 570. Consequently, Plaintiff's complaint should be dismissed.

## IV. CONCLUSION

Based on all of the foregoing, the Court hereby

ORDERS that Defendant Experian Information Solutions, Inc.'s Motion to Dismiss Pursuant to Rule 12(B)(6) (Document No. 3) is GRANTED. The Court further

ORDERS that Defendant CSC Credit Services, Inc.'s Motion to Dismiss (Document No. 5) is GRANTED. The Court further

ORDERS that Defendant Trans Union LLC's Motion to Dismiss or in the Alternative, Motion for More Definite Statement (Document No. 7) is GRANTED to the extent Trans Union LLC seeks dismissal. The Court further

ORDERS that Plaintiff's case is DISMISSED.

This is a FINAL JUDGMENT.

SIGNED at Houston, Texas, on this **26** day of October, 2011.

                                          DAVID HITTNER
                                      United States District Judge